BARKETT, Circuit Judge,
concurring:
A lawyer must undertake a reasonable investigation as to the existence of mitigating evidence. Strickland v. Washington, 466 U.S. 668, 691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The scope of counsel’s duty to investigate is not limited by the amount of information that a defendant chooses to reveal. See generally Rompilla v. Beard, 545 U.S. 374, 377, 125 S.Ct. 2456, 162 L.Ed.2d 360 (2005) (holding that trial counsel’s duty to investigate persists “even when a capital defendant’s family members and the defendant himself have suggested that no mitigating evidence is available”); *1255 Coleman v. Mitchell, 268 F.3d 417, 449-50 (6th Cir.2001) (“[Defendant resistance to disclosure of information does not excuse counsel’s duty to independently investigate.”); American Bar Association Guidelines for the Appointment and Performance of Counsel in Death Penalty Cases, 11.4.1(C) (1989) (“The investigation for preparation of the sentencing phase should be conducted regardless of any initial assertion by the client that mitigation is not to be offered.”).[1]
These principles recognize a layperson’s lack of knowledge of the law. This is especially true of the legal thicket surrounding death penalty jurisprudence. A defendant generally would not know what evidence is admissible or might impact a jury’s decision to impose the death penalty. Thus, a lawyer must explain what kind of evidence he or she is looking for or ask questions that would elicit such evidence. Simply asking a defendant for information about his or her life without any indication of what counsel is, or should be, looking for does not inform a defendant of the relevance of certain mitigating evidence that a defendant might not think of disclosing or want to disclose without having a reason to do so.
In this case, I am satisfied that the state court was not unreasonable in its application of clearly established federal law in concluding that McClain did not meet his burden of showing ineffective assistance of counsel. Counsel for McClain were extremely experienced and had many conversations with the defendant, his father, and his sister. Additionally, counsel hired a mental health expert to evaluate McClain and search for mitigating evidence. The mental health expert, who understood the relevance of evidence of abuse, conferred with counsel in preparation for his testimony and did not deem the abuse he discovered significant enough to be relevant to his testimony.

. "Prevailing norms of practice as reflected in American Bar Association standards and the like ... are guides to determining what is reasonable.” Williams v. Taylor, 529 U.S. 362, 396, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).